United States District Court
Southern District of Texas
**ENTERED**
November 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE D. SHEPARD, JR., <br> (Inmate # 428185), <br><br> Plaintiff, <br><br> vs. <br><br> BEN HENDERSON, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-23-3188 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

Steve D. Shepard, Jr., is an inmate in the Montgomery County Jail. Representing himself and proceeding without prepaying the filing fee, Shepard sues Sheriff Rand Henderson,[1] Officer K. Davis, and the Montgomery County Jail under 42 U.S.C. § 1983, alleging that they violated his constitutional rights by failing to protect him from violence by another inmate and by failing to properly investigate and respond to the grievances he filed. (Docket Entry No. 1). At the court's request, Shepard filed a more definite statement of his claims. (Docket Entry No. 10). Because Shepard is a prisoner, the court is required to closely examine his claims and dismiss the complaint, in whole or in part, if it determines that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). After reviewing Shepard's complaint, the court dismisses his current action for the reasons explained below but grants him leave to file an amended complaint.

---

[1]Shepard has misspelled Sheriff Henderson's first name on his complaint.

**I.      Background**

Shepard is a pretrial detainee at the Montgomery County Jail. (Docket Entry No. 1, p. 1). While he is currently held on a charge of assault with family violence, he is housed in the "A-Quad," where sex-offender inmates are housed, because he has a prior conviction for a sex offense. (Docket Entry Nos. 1, p. 4; 10, p. 16).

Shepard alleges that the Jail has an official but unwritten "protocol" that requires sex-offender inmates to be kept separate from non-sex-offender inmates for "safety reasons." (Docket Entry Nos. 1, p. 4; 10. p. 4-5). But jail officials do not always follow this protocol, particularly when inmates are in the hallways, transport vans, and the visitation area. (Docket Entry No. 1, p. 4). Shepard alleges that when this protocol is not followed, sex-offender inmates are exposed to name calling and threats of physical harm. (*Id.*). Shepard filed grievances concerning threats he received from non-sex-offender inmates when officers did not follow the protocol in July 2023, and on August 3, 2023, August 16, 2023, and August 18, 2023. (Docket Entry No. 10, p. 8). Grievance Officer Davis either ignored these grievances or responded by saying that Shepard's claims were not sufficient to constitute a grievance. (Docket Entry Nos. 1, pp. 4-5; 10, pp. 6-7).

Concerning the incident giving rise to this action, Shepard alleges that on August 16, 2023, Officer Bryant allowed him out of A-Quad and into the hallway outside the officers' picket so that he could trim his nails. (Docket Entry No. 1, p. 5). Jail officials must provide nail clippers to the inmate, and the official is supposed to supervise the inmate while he has the clippers. (Docket Entry No. 10, p. 10). As Shepard was trimming his nails in the hallway, Officer Aguilar approached the hallway escorting a non-sex-offender inmate. (*Id.* at 10-11). In violation of the separation protocol, Officer Bryant and Officer Aguilar opened the doors and released the non-sex-offender inmate into the same hallway where Shepard was standing. (*Id.* at 11). This inmate

2

was neither escorted into the area nor secured in handcuffs. (*Id.*). As soon as the other inmate was in the hallway, he called Shepard a "child molester" and physically assaulted him. (*Id.*). Shepard defended himself from the assault, suffering significant injuries to his left hand. (*Id.* at 11-12). Shepard alleges that neither Officer Bryant nor Office Aguilar did anything to stop the assault. (*Id.* at 13). Instead, the assault continued until Sergeant Harper arrived at the scene from another area of the Jail. (*Id.* at 13-14).

In his complaint, Shepard seeks money damages to compensate for his pain and suffering, mental anguish, life endangerment, and defamation of character as a result of the August 16 incident. (Docket Entry No. 1, p. 4). He also seeks an award of punitive damages. (*Id.*). Shepard alleges that Sheriff Henderson is liable for these damages because he "runs the jail." (Docket Entry Nos. 1, p. 3; 10, p. 15). He alleges that Officer Davis is liable for damages because he ignored Shepard's grievances. (*Id.*). And he alleges the Montgomery County Jail is liable for damages for failing to protect him from inmate violence. (Docket Entry No. 1, p. 3). Shepard does not name either Officer Bryant or Officer Aguilar as defendants. (Docket Entry No. 1, p. 2).

## II. The Legal Standards

### A. Screening Under 28 U.S.C. § 1915A

Because Shepard is a prisoner seeking relief from the government, the court is required to screen his complaint as soon as feasible after docketing. 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e)(2) (requiring courts to screen complaints filed by persons proceeding without prepaying the filing fee); 42 U.S.C. § 1997e(c) (requiring courts to screen suits filed by prisoners under § 1983). "As part of this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (per curiam) (quoting 28 U.S.C.

§ 1915A(b)(1)).  A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint lacks an arguable basis in fact when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-29 (1989)).  The court may also dismiss the complaint, or any part of the complaint, if it "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(2).

    **B.**    **Pleadings from Self-Represented Litigants**

Shepard is representing himself.  Courts construe pleadings filed by self-represented litigants under a less stringent standard of review.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts."  *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).  They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal."  *Id.* (cleaned up).

### III. Discussion

#### A. The Claims Against Sheriff Rand Henderson

Shepard alleges that Sheriff Henderson should be responsible for money damages because he "runs the jail' and is "in charge of who is hired." (Docket Entry No. 10, p. 15). Shepard also alleges that Sheriff Henderson is responsible for creating the protocol concerning sex-offender inmate security. (*Id.*). Neither of these allegations are sufficient to state a claim upon which relief can be granted.

#### 1. The Claim for Supervisory Liability

Shepard's primary allegation against Sheriff Henderson is that he is liable as a supervisor for the actions of the two detention officers who failed to protect Shepard from violence by another inmate. But under § 1983, supervisors are not liable for the actions of others, including their subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Instead, only the direct acts or omissions of the supervisor will support a claim for individual liability under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692 (1978); *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012); *see also Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (a plaintiff bringing a § 1983 action must "specify the personal involvement of each defendant"). A supervisor may be held liable under § 1983 only when (1) the supervisor was personally involved in the constitutional deprivation, (2) there is a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or (3) the supervisor implemented a policy so deficient that the policy itself violates constitutional rights and is the moving force behind a constitutional deprivation. *See Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018); *Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

To the extent that Shepard seeks relief from Sheriff Henderson in his capacity as a supervisor, Shepard fails to allege a viable § 1983 claim. Neither Shepard's complaint nor his more definite statement includes any allegations establishing that Sheriff Henderson was personally involved with the allegedly wrongful actions. Shepard does not allege that Sheriff Henderson was personally involved in any decision concerning whether to release the other inmate into the area where Shepard was standing. And Shepard does not allege that Sheriff Henderson implemented a specific unconstitutional policy that resulted in his injury. Shepard has failed to state a claim upon which relief can be granted against Sheriff Henderson in his supervisory capacity, and this claim will be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

### 2. The Claim for Failure to Train.

Construed liberally, Shepard's complaint and more definite statement could be read to allege a claim against Sheriff Henderson for failing to train or supervise his staff. To state a claim for a failure to train or supervise, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). To establish deliberate indifference, the plaintiff must "demonstrate a pattern of violations" that show that the supervisor must have known that constitutional violations would result. *Id.* at 381 (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (per curiam)). Proof of a single instance of a constitutional violation is insufficient. *Id.* In addition, it is not enough to show that the supervisor was negligent or could have done more. Instead, the plaintiff must "show that the failure to train

reflects a 'deliberate' or 'conscious' choice to endanger constitutional rights." *Id.* (quoting *Snyder v. Trepagnier,* 142 F.3d 791, 799 (5th Cir. 1998)).

At the screening stage of the proceedings, the court must assume that the plaintiff's factual allegations are true. *See Estelle*, 429 U.S. at 99. But for a claim to survive screening, the plaintiff must allege facts that, if true, state a claim upon which relief can be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In his complaint and more definite statement, Shepard does not allege any facts tending to show that Sheriff Henderson's training procedures were constitutionally inadequate, that they did not comply with state-mandated training, or that Sheriff Henderson failed to supervise the officers. Shepard does not allege any facts showing that any alleged inadequate training or supervision directly caused his injuries. And Shepard does not allege any facts showing that Sheriff Henderson was deliberately indifferent to a pattern or practice of violating inmates' constitutional rights. Instead, Shepard alleges that two individual officers failed to comply with the separation protocol that Sheriff Henderson implemented specifically to protect sex-offender inmates and prevent incidents such as the one that occurred.

The facts alleged by Shepard do not state a claim for failure to train or supervise. To the extent that Shepard's complaint can be construed to raise such a claim, the claim is dismissed with prejudice under § 1915A(b)(1) for failure to state a claim on which relief can be granted.

B.     **The Claim Against Officer K. Davis**

Shepard alleges that Officer Davis violated his constitutional rights by failing to properly investigate and respond to the grievances he filed concerning inmate threats and the failure of some detention deputies to follow the separation protocol. But an inmate does not have a federally protected interest in having prison grievances investigated and resolved to his satisfaction. *See Geiger*, 404 F.3d at 374. And without such a federally protected interest, "any alleged due process

7

violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Id.*; *see also Pratt v. Martinez*, No. 22-40274, 2023 WL 3818380, at *2 (5th Cir. June 5, 2023) (per curiam) (the plaintiff's "dissatisfaction with timing of the grievance procedures does not give rise to an actionable due process claim").

Shepard's allegation against Officer Davis concerning the alleged deficiencies in processing his grievances fails to state a claim upon which relief can be granted. The claim against Officer Davis is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

### C. The Claim Against the Montgomery County Jail

Shepard also names the "Montgomery County Jail" as a defendant. Shepard cannot recover damages from the Jail because it is not a legal entity capable of being sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). And even if the court liberally construes Shepard's claim as one against Montgomery County, he has not alleged any facts that establish a basis for municipal liability for the alleged failure to protect. *See* 42 U.S.C. § 1983; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor."). A government agency responsible for the unconstitutional acts of its employee only when some official policy "causes" the employee to violate another's constitutional rights. *See Monell*, 436 U.S. at 692. Shepard does not allege that County officials adopted or implemented an unconstitutional policy, custom, or practice or that any such policy caused the detention officers to violate his constitutional rights. Instead, Shepard alleges that Sheriff Henderson implemented an appropriate protocol but that the detention officers did not comply with that protocol. These facts are insufficient to state a claim for municipal liability.

Because there is no legal basis for an action against the Jail, Shepard has failed to state a claim upon which relief can be granted. His action against the Montgomery County Jail is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

## IV.  Leave to Amend

Although the court is dismissing the claims against the entities that Shepard named as defendants, Shepard has alleged facts that might support a failure-to-protect claim against the Jail officers who were directly involved in the August 16 incident. Pretrial detainees like Shepard have a right under the Due Process Clause to be protected from harm while they are confined. *See Brumfield v. Hollins*, 551 F.3d 322, 327 (5th Cir. 2008) (citing *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)). This right requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To prove a claim based on a failure to protect, the plaintiff must show that he is incarcerated under conditions that pose a substantial risk of serious harm and that prison officials have been deliberately indifferent to his need for protection. *See Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer,* 511 U.S. at 834). An official is deliberately indifferent to an inmate's need for protection if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer*, 511 U.S. at 847). Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not enough. *Farmer*, 511 U.S. at 837; *see also Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under section 1983). The "proper inquiry is whether the official had a culpable state of mind in acting or failing to act." *Hare*, 74 F.3d at 643.

9

In his complaint and more definite statement, Shepard alleges that certain Jail detention officers knew of the risks of placing him in contact with a non-sex-offender inmate but nevertheless released a non-sex-offender into the area where he was standing and left them together, unsecured and unsupervised. These allegations, if proven, could state a failure-to-protect claim against the detention officers directly involved with the incident. But Shepard has not identified those officers as defendants.

Because Shepard's allegations could support a claim against these unnamed officers, the court will grant Shepard leave to file an amended complaint should he wish to do so. The amended complaint must be limited to failure-to-protect claim against those officers Shepard believes are responsible for the incident described in his original complaint. Shepard must provide the full names of the officers or a physical description of them. He must also provide the date, time, and exact location of the incident. Any amended complaint Shepard elects to file must be filed **on or before January 2, 2024**. If Shepard does not file an amended complaint that complies with these instructions by that date, this action will be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

## V.     Conclusion

Shepard's claims against Sheriff Rand Henderson, Officer K. Davis, and the Montgomery County Jail, (Docket Entry No. 1), are dismissed with prejudice. Shepard may file an amended complaint that complies with the court's instructions explained above **on or before January 2, 2024**.

SIGNED on November 27, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge