United States District Court
Southern District of Texas
**ENTERED**
January 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE D. SHEPARD, JR., (Inmate # 428185), | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-23-3188 |
| BEN HENDERSON, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Steve D. Shepard, Jr., is an inmate in the Montgomery County Jail. Representing himself and proceeding without prepaying the filing fee, Shepard sued the Montgomery County Jail, Sheriff Rand Henderson, and Officer K. Davis under 42 U.S.C. § 1983, alleging that they violated his constitutional rights by failing to protect him from violence by another inmate and by failing to properly investigate and respond to his grievances. (Docket Entry No. 1). At the court's request, Shepard filed a more definite statement of his claims. (Docket Entry No. 10).

After reviewing those pleadings as required by 28 U.S.C. § 1915A(b), the court dismissed Shepard's complaint against the named defendants with prejudice. (Docket Entry No. 11). Because Shepard's allegations appeared to state a claim against two individual detention officers who were not named as defendants, the court granted Shepard leave to file an amended complaint on or before January 2, 2024, to name those officers as defendants if he could do so in good faith. (*Id.* at 9-10). The court warned Shepard that if he failed to file an amended complaint by that date, this action would be dismissed without further notice under Federal Rule of Civil Procedure 41(b). (*Id.* at 10).

To date, Shepard has not filed an amended complaint, and his time to do so under the court's order has expired. Shepard's failure to pursue this action forces the court to conclude that he lacks due diligence. Dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (a district court may dismiss an action on its own for failure to prosecute or to comply with any court order).

Shepard is advised that he may seek relief from this order under Federal Rule of Civil Procedure 60(b) if he can show good cause for failing to comply with the court's order. Any motion under Rule 60(b) must be accompanied by his proposed amended complaint.

Shepard's action, (Docket Entry No. 1), is dismissed without prejudice for want of prosecution.

SIGNED on January 19, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge